STEPHEN A. HIGGINSON, Circuit Judge,
concurring in judgment:
I am persuaded by Judge Higginbotham’s thoughtful conclusion that maintaining and enforcing a class and collective action waiver violates the NLRA, but I also agree with Judge Elrod that our rule of orderliness forecloses our ability to take that position in this case. In Horton, we held that the use of class action procedures is not a substantive right under Section 7 of the NLRA and concluded that “the NLRA has no inherent conflict with the FAA.” D.R. Horton, Inc. v. N.L.R.B., 737 F.3d 344, 361 (5th Cir. 2013). I view the Board’s interpretation of Section 7 as irreconcilable with that precedent.[1]
A clear explanation of the distinction between substantive and procedural rights is elusive, but I find helpful the Ninth Circuit’s discussion in Morris v. Ernst & Young, LLP, 834 F.3d 975, 985-87 (9th Cir. 2016), cert. granted, — U.S. —, 137 S.Ct. 809, 196 L.Ed.2d 595 (2017). As that court explained, substantive rights are “the essential, operative protections of a *641 statute,” whereas “procedural rights are the ancillary, remedial tools that help secure the substantive right.” Id. at 985. Critically, “substantive rights cannot be waived in arbitration agreements.” Id. But the problem with an arbitration contract that waives substantive rights “is not that it requires arbitration; it is that the contract term defeats a substantive federal right ....” Id. Ultimately, the Ninth Circuit concluded that “[t]he rights established in § 7 of the NLRA—including the right of employees to pursue legal claims together—are substantive. They are the central, fundamental protections of the Act, so the FAA does not mandate the enforcement of a contract that alleges their waiver.” Id. at 986. Our court in Horton came to the opposite conclusion. According to Horton, the NLRA provides no substantive right—that is, as I understand it, no nonwaivable right—to class or collective action.
But regardless of the nature of the rights protected by the Section 7, I find it difficult to reconcile a Section 7 guarantee to class and collective action with Horton’s conclusion that there is no “inherent conflict” between the NLRA and the FAA. Indeed, if Section 7 encompassed such a right and prohibited its prospective waiver as the Board urges, there would appear to be an inherent conflict between the NLRA and our interpretation of the FAA as mandating enforcement of contracts compelling individual arbitration.
I read Horton as interpreting the NLRA narrowly to avoid conflict with the FAA. However, as this case illustrates, interpreting a statute to avoid conflict in a narrow band of cases may have the unintended consequence of forever limiting rights that the statute was intended to protect. Like the Second Circuit, “[i]f we were writing on a clean slate,” I would urge that this court adopt Chief Judge Wood’s and Chief Judge Thomas’s reasoned understandings of Section 7’s scope. Patterson v. Raymours Furniture Co., 659 Fed.Appx. 40, 43 (2d Cir. 2016), as corrected (Sept. 7, 2016), as corrected (Sept. 14, 2016) (unpublished) (summary order); Lewis v. Epic Sys. Corp., 823 F.3d 1147 (7th Cir. 2016), cert. granted, — U.S. —, 137 S.Ct. 809, 196 L.Ed.2d 595 (2017); Morris, 834 F.3d at 975. The Supreme Court may soon do so or may otherwise decide the FAA controversy in a manner that compels reconsideration of our decision today. Constrained by our precedent, however, I concur in the judgment only.

. Although the Board did not urge it, I find intriguing Judge Higginbotham's argument that the distinction between “procedural” and "substantive” rights might have no bearing outside of the arbitration context, which would render irrelevant Horton's rejection of a "substantive" right to class and collective action under the NLRA,